UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIAH SMITH** | **CIVIL ACTION NO.: 18-228** |
| **DENI PERKINS ON BEHALF OF THE MINOR CHILD DONOVAN ALLEN** | **SECTION: "M"** |
| **VERSUS** | **JUDGE: ASHE** |
| **DANIEL EDWARDS**<br>       **SHERIFF OF TANGIPAHOA PARISH** | **MAGISTRATE: WILKINSON** |
| **STUART MURPHY**<br>       **WARDEN, TANGIPAHOA PARISH JAIL** | |

### MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AFFECTING MINORS' INTEREST

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, KIAH SMITH and DENI PERKINS, as natural tutrix and natural mother on behalf of her minor child DONOVAN ALLEN, and hereby moves this Honorable Court for an Order approving minor settlement, and, in support of same, represents the following:

1. That within this case are claims for damages by Kiah Smith and minor child Donovan Allen, who are the rightful heirs and successors in interest to the estate of decedent, Tommy Joe Smith, who on or about January 30, 2017 was beaten to death by twelve inmates while in the custody of the Tangipahoa Parish Sheriff's Office at Tangipahoa Parish Jail. **[R. Doc. 1]**

2. Deni Perkins is the natural mother of Donovan Allen, and Tommy Joe Smith was his legal and

1

   natural father. **[R. Doc. 1.2]**

3. As the natural mother of Donovan Allen, Deni Perkins is entitled to tutorship by nature under La. Civil Code Art. 250 et seq., and therefore "may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031 if the natural tutor is...the surviving parent of the minor child". La C.C. P. Art. 4061.(A)(1).

4. On November 11, 2020, the parties held a second mediation conference (the first being on January 24, 2020) and settlement was offered by the Defendants, Daniel Edwards and Stuart Murphy, and accepted by the Plaintiffs, Kiah Smith and Deni Perkins on behalf of her minor child, Donovan Allen. The terms of settlement are set forth as follows:

   The sum of Three Hundred Eighty-Eight Thousand Seven Hundred and Fifty Dollars and 00/100 Cents ($388,750.00) to be disbursed as follows:

   A. The sum of One Hundred Forty-Three Thousand Eight Hundred and Thirty-Seven Dollars and 50/100 Cents ($143,837.50), payable to the Law Office of John J. Finckbeiner, Jr. as attorney fees for the prosecution and completion of this claim. This amount is reflective of the thirty-seven percent (37%) contingency fee agreement entered between the Plaintiffs and undersigned counsel.

   B. The sum of Thirty-Two Thousand Eight Hundred Eighty-Nine Dollars and 54/100 Cents ($32,889.54), payable to the Law Office of John J. Finckbeiner, Jr. as costs incurred for the prosecution and completion of this claim.

    C. The remaining sum of Two Hundred Twelve Thousand and Twenty-Two Dollars and 96/100 Cents ($212,022.96) to be split evenly between Plaintiffs, Kiah Smith and Donovan Allen, whereby they will receive One Hundred and Six Thousand and Eleven Dollars and 48/100 Cents ($106,011.48) each.

    D. Minor plaintiff, Donovan Allen's, portion of One Hundred and Six Thousand and Eleven Dollars and 48/100 Cents ($106,011.48) to be deposited in a FDIC insured, interest-bearing account at a local financial institution for the sole use and benefit of the minor child, Donovan Allen.

5. Defendants, Daniel Edwards and Stuart Murphy, have denied and continue to deny any and all fault or liability for the January 30, 2017 beating of Tommy Joe Smith and any resulting injuries or damages.

6. The above-mentioned sum offered by the Defendants in this case is fair, reasonable, adequate, compensatory, and in the best interests of Plaintiffs, Kiah Smith and Donovan Allen, given Defendants claim they are protected by the doctrine of qualified immunity and deny liability and/or responsibility for the incident and that these matters may not be resolved in Plaintiffs' favor prior to or at the time of trial of this action.

7. Plaintiff, Deni Perkins, as natural tutrix and natural mother of her minor child Donovan Allen, request that an order be issued permitting her to settle all claims against Defendants in this instant action and granting her authority to execute any and all settlement documents necessary to effect a full and final settlement on behalf of her minor child Donovan Allen.

8. Plaintiff, Deni Perkins, as natural tutrix and natural mother on behalf of her minor child Donovan Allen, request that an order be issued permitting the proceeds of settlement be disbursed as indicated in paragraph 4 above.

9. No previous application for relief sought has been made on behalf of the minor child, Donovan Allen, to any Court or Judge.

**WHEREFORE**, the Plaintiffs pray that this Honorable Court issue an order approving the minor settlement, and finding that:

a. Deni Perkins is the natural tutrix and proper party to act on behalf of the minor, Donovan Allen, in settlement of the claims of Donovan Allen.

b. Settlement of the claims in this case are fair, reasonable, adequate, compensatory, and in the best interests of Plaintiffs, Kiah Smith and minor child Donovan Allen, given defendants claim they are protected by the doctrine of qualified immunity and deny liability and/or responsibility for the incident and that these matters may not be resolved in plaintiffs' favor prior to or at the time of trial of this action..

c. The sum of Three Hundred Eighty-Eight Thousand Seven Hundred and Fifty Dollars and 00/100 Cents ($388,750.00) is a fair and reasonable settlement amount and should be disbursed as follows:

   i. The sum of One Hundred Forty-Three Thousand Eight Hundred and Thirty-Seven Dollars and 50/100 Cents ($143,837.50), payable to the Law Office of John J. Finckbeiner, Jr. as attorney fees for the prosecution and completion of this claim.

    ii. The sum of Thirty-Two Thousand Eight Hundred Eighty-Nine Dollars and 54/100 Cents ($32,889.54), payable to the Law Office of John J. Finckbeiner, Jr. as costs incurred for the prosecution and completion of this claim.

    iii. The remaining sum of Two Hundred Twelve Thousand and Twenty-Two Dollars and 96/100 Cents ($212,022.96) to be split evenly between Plaintiffs, Kiah Smith and minor child Donovan Allen, whereby they will receive One Hundred and Six Thousand and Eleven Dollars and 48/100 Cents ($106,011.48) each.

    iv. Minor plaintiff, Donovan Allen's, portion of One Hundred and Six Thousand and Eleven Dollars and 48/100 Cents ($106,011.48) to be deposited in an FDIC insured, interest-bearing account at a local financial institution for the sole use and benefit of the minor child, Donovan Allen.

d. Deni Perkins, as natural tutrix and proper party to act on behalf of the minor, Donovan Allen, is ordered and granted authority, to sign any and all settlement documents necessary to effect full and final settlement, as outlined herein.

                      Respectfully submitted:

                      **THE LAW OFFICE OF JOHN J. FINCKBEINER, JR**.

                      **/s/ John J. Finckbeiner, Jr.**
                      JOHN J. FINCKBEINER, JR. (# 18211)
                      2203 Pakenham Drive
                      Chalmette, LA  70043
                      Telephone: (504) 279-5177
                      Facsimile: (504) 279-5375
                      E-mail:John@jfjustice.com
                             rearly@jfjustice.com

~and~

/s/ Raymond A. Pelleteri, Jr.
RAYMOND A. PELLETERI, JR (#10391)
Pelleteri & Wiedorn, L.L.C.
433 Metairie Road, Suite 218
Metairie, LA.  70005
Telephone:(504) 523-2650
Facsimile:  (504) 523-2141
Email:  rpelleteri@pwclawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify than on the __**7th**__ day of December,  2020, I electronically filed the foregoing *Motion for Approval of Settlement Affecting Minor's Interest* with the Clerk of Court, using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are participants in this matter.

/s/ John J. Finckbeiner, Jr.
**John J. Finckbeiner, Jr.**